UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB FISHER,<br><br>    Petitioner,<br><br>v.<br><br>STUART SHERMAN, Warden of the California Substance Abuse Treatment Facility,[1]<br><br>    Respondent. | No. 2:18-cv-2725-WBS-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel and seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss wherein he argues that petitioner's claim for ineffective assistance of counsel should be dismissed for failure to allege sufficient facts to establish an actionable claim. ECF No. 11 at 2. Alternatively, respondent contends that petitioner's ineffective assistance claim is unexhausted and must be deleted if this petition is to proceed. *Id.* at 4. Petitioner has submitted two functionally identical filings titled "motion to stay and abeyance and opposition to motion to dismiss and proposed first

---

[1] Respondent requests that Stuart Sherman, Warden of the California Substance Abuse Treatment Facility ("CSATF"), be substituted. ECF No. 11 at 1 n.1. "The proper respondent in a federal habeas petition is the petitioner's 'immediate custodian.'" *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). The docket indicates that petitioner is incarcerated at CSATF and, thus, Warden Sherman will be substituted.

1

amended petition." ECF Nos. 16 & 17. Therein, he requests that his petition be stayed, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to allow him to return to state court and exhaust his ineffective assistance of counsel claim. ECF No. 17 at 3. For the reasons stated hereafter, the court recommends that respondent's motion to dismiss be denied and petitioner's second motion to stay be granted – not pursuant to *Rhines*, but under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). The court also orders that petitioner's motion to proceed in forma pauperis (ECF No. 7) be denied as moot; petitioner has already submitted the filing fee.

Analysis

The current petition lists "ineffective assistance of counsel" as the second ground for relief. ECF No. 1 at 7. It does not, however, offer any supporting facts or description of this claim whatsoever. *Id.* As respondent correctly notes, Habeas Rule 2(c) requires, *inter alia*, a petitioner to "state the facts supporting each ground [for relief]." In a tardy reply to respondent's motion to dismiss, petitioner attached a motion for new trial that appears to have originally been submitted to the trial court. ECF No. 19 at 3. Therein, petitioner raised a number of ineffective assistance claims, namely that trial counsel[2] was ineffective in failing to: (1) call an expert witness on cognitive impairment caused by long methamphetamine use in order to challenge witness testimony; (2) conduct a reasonable investigation and to call a favorable witness; (3) present evidence or to cross-examine prosecution witnesses with regard to the fact that they had received lenient treatment from law enforcement in exchange for their testimony; (4) call an alibi witness; and (5) object and request limiting instructions with respect to certain witness testimony. *Id.* at 14-19. Petitioner does not explicitly state that he is pursuing each of those claims in his federal habeas petition, however. Indeed, beyond alleging that his former trial counsel has been disbarred - apparently for matters unrelated to his representation of petitioner – petitioner offers no context for his newly lodged document. He states only that he is lodging it in support of his motion for stay and abeyance. *Id.* at 1.

---

[2] Petitioner states that his trial counsel – who was allegedly ineffective – is Danny Duane Brace, Jr. ECF No. 19 at 1. The motion for new trial was filed by Janelle Caywood – who was presumably retained at some point after trial was concluded. *Id.* at 3.

2

Based on the foregoing, the court declines to recommend staying the petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines*, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. Even assuming that petitioner intends to return to state court and exhaust each ineffective assistance claim raised by his motion for new trial – which, again, he has not explicitly stated - he has failed to address the question of whether he had good cause for not exhausting those claims earlier.[3]

Petitioner may, however, still be entitled to a stay under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). The *Kelly* procedure is as follows: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).

/////

/////

---

[3] In one of his motions for stay, petitioner does claim that an attorney who previously represented him – Audrey Chavez – sent him a letter in July of 2017 which explained that he had "two possible remaining options." ECF No. 17 at 5. Chavez purportedly informed petitioner that he could either seek a petition for writ of certiorari from the United States Supreme Court or he could file a habeas petition in federal court. *Id.* Chavez allegedly expressed skepticism as to the value of seeking a writ of certiorari, noting that the Supreme Court hears only a limited number of cases and only those presenting "major controversial federal issues with national significance." *Id.* Based on Chavez's representations, petitioner states that he did not seek a writ of certiorari within the ninety-day time limit and "did not realize that his claim for ineffective assistance of counsel had not been exhausted." *Id.* These contentions do not establish good cause under *Rhine*. Although petitioner does not supply the requisite information, the court can infer – by way of the date of Chavez's letter – that it was sent in the wake of the California Supreme Court's denial of his petition for review in July 2017. *See People v. Fisher*, 2017 Cal. LEXIS 5429 (Cal., July 19, 2017). The claims petitioner now seeks to raise – by way of his motion for new trial – were not raised on direct appeal, *see People v. Fisher*, 2017 Cal. App. Unpub. LEXIS 3462, * 6-7 (Cal. App. 3d. Dist., May 19, 2017), where petitioner stated only one claim for ineffective assistance – that his trial counsel had failed to object to the admission (or to seek a limiting instruction) of text messages sent by his co-defendant to a friend after the crime in question. Thus, Chavez's advice – which pertained only to the claims petitioner did raise on direct appeal – is irrelevant to the new claims he seeks leave to exhaust.

3

Unlike a *Rhines* stay, a stay under *Kelly* does not require a showing of good cause for failure to exhaust. *Id.* at 1140 ("[W]e reiterate that the Kelly procedure remains available after Rhines and hold that its availability is not premised upon a showing of good cause."). And although petitioner does not cite *Kelly*, he appears to invite the procedure it sets forth. In his motion to stay, he proposes deleting his unexhausted ineffective assistance claims by way of an amended petition, staying the amended petition, and (assuming he successfully exhausts) adding his ineffective assistance claims back at a later date. ECF No. 17 at 4-5. Thus, the court finds a *Kelly* stay appropriate and recommends grant petitioner's second motion to stay be granted on that basis.[4]

## Conclusion

For the foregoing reasons, it is ORDERED that:

1. The Clerk of Court shall substitute Stuart Sherman, Warden of the California Substance Abuse Treatment Facility, as respondent to this action.

2. Petitioner's motion to proceed in forma pauperis (ECF No. 7) be DENIED as moot.

Further, it is RECOMMENDED that:

1. Petitioner's motion to stay (ECF No. 17) be GRANTED as follows:

    a. Petitioner be granted a stay pursuant to the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003);

    b. Within fourteen days of an order adopting these findings and recommendations, petitioner be directed to submit an amended petition which deletes his unexhausted ineffective assistance of counsel claims;

    c. The amended petition be stayed and held in in abeyance to allow petitioner an opportunity to exhaust his ineffective assistance claims in state court;

/////

---

[4] Petitioner is advised that any newly-exhausted claim may be time-barred when he attempts to re-attach it to these federal proceedings. *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 n.4 (9th Cir. 2015) ("[F]rom the perspective of the petitioner, the downside of the *Kelly* procedure is that there is no assurance that the claims added to the petition after exhaustion will be considered timely filed.") (citing *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009)).

        d. Petitioner then be allowed to file a third amended petition to attempt to re-attach his exhausted claims.

      2. Petitioner's motion to stay and amend petition (ECF No. 16) be DENIED as moot; and

      3. Respondent's motion to dismiss (ECF No. 11) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 6, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE