UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB FISHER, | Case No. 2:18-cv-02725-WBS-JDP (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED |
| v. | |
| KEN CLARK, | OBJECTIONS DUE IN FOURTEEN DAYS |
| Respondent. | ECF No. 39 |

Petitioner Jacob Fisher is a state prisoner seeking habeas corpus relief under 28 U.S.C. § 2241. On September 23, 2019, petitioner was granted a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), and permitted to return to state court to exhaust his ineffective assistance of counsel claims. ECF No. 21 at 2. On April 9, 2021, Petitioner filed a third amended petition containing various ineffective assistance of counsel claims, ECF No. 35 at 4-5, and a claim that the trial court erred in allowing the introduction of text messages that petitioner had sent the victim, *id.* at 3. Respondent has moved to dismiss the ineffective assistance claims as untimely. ECF No. 39. That motion should be granted for the reasons stated below.

No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee

Notes."). Following an approach taken by other courts in this district, I conclude that Rule 4 of the Rules Governing Section 2254 Cases is the proper analytical framework for a motion to dismiss a section 2241 petition. *See, e.g.*, *Ram v. Sacramento Cty.*, No. 2:15-CV-2074-WBS-DB (P), 2017 WL 2403701, at *4 (E.D. Cal. June 2, 2017), *subsequently aff'd in Ram v. Cty. of Sacramento*, 738 F. App'x 571 (9th Cir. 2018). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal.

Respondent argues, and petitioner does not dispute, that the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitations began running on October 18, 2017. ECF No. 39 at 2. His last day to file a federal habeas petition was, absent tolling, October 18, 2018.[1] Petitioner filed his first federal habeas petition on October 9, 2018. ECF No. 1. He later acknowledged, however, that he had not exhausted his ineffective assistance claims, and sought a stay so that he might return and exhaust his claims in state court. ECF No. 17 at 4. The district judge granted petitioner a *Kelly* stay on September 23, 2019 and directed him to submit a petition that deleted his ineffective assistance claims. ECF Nos. 21 & 22. Petitioner did so on November 12, 2019. ECF No. 23. Then, on April 9, 2021, petitioner filed a third amended petition that reincluded his newly exhausted ineffective assistance of counsel claims.

Respondent argues that the ineffective assistance claims are untimely because, after being deleted from the original petition, they must be considered "new" claims in the amended petition. I agree. A *Kelly* stay does not preserve the timeliness of the unexhausted claims that are deleted from the petition. *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 n.4 (9th Cir. 2015) ("[F]rom the perspective of the petitioner, the downside of the *Kelly* procedure is that there is no assurance that the claims added to the petition after exhaustion will be considered timely filed.") (citing *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009)); *see also Dean v. Robertson*, No. 2:18-cv-01287-TLN-GGH (P), 2021 U.S. Dist. LEXIS 75934, *8 (E.D. Cal. Apr. 20, 2021) ("[T]he nature of a *Kelly* stay does not permit the timeliness of the filing of [the claim] in the initial petition to be calculated from the date of the petition filing. That is, in order to qualify for the *Kelly* stay, [the

---

[1] Petitioner did not file a state habeas petition until November 2020, ECF No. 40-1, and he is not entitled to tolling on any other basis.

1  claim] had to be deleted from the case when the 'exhausted claims only' petition was filed . . . it
2  was as if [the claim] had never been filed in the initial petition."). Petitioner argues that his newly
3  added ineffective assistance claims are timely because they relate back to claims in his original
4  petition. ECF No. 41 at 2-3. But the ineffective assistance claims in his original petition cannot
5  be related back to because they were unexhausted at the time they were filed. *See King*, 564 F.3d
6  at 1142 (holding that "new claims [must] relate back to claims properly contained in the original
7  petition—that is, those claims that were exhausted at the time of filing"). His newly added
8  ineffective assistance claims, dated March 23, 2021, are untimely and should be dismissed on that
9  basis.[2]

10  I RECOMMEND that respondent's motion to dismiss, ECF No. 39, be granted and
11  petitioner's ineffective assistance of counsel claims be dismissed. This case should proceed only
12  on petitioner's claim that the trial court erred in admitting his text messages. If these
13  recommendations are adopted, I will issue a scheduling order directing respondent to answer the
14  remaining claim.

15  These findings and recommendations are submitted to the U.S. district judge presiding
16  over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the
17  service of the findings and recommendations, the parties may file written objections to the
18  findings and recommendations with the court and serve a copy on all parties. That document
19  must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The
20  presiding district judge will then review the findings and recommendations under 28 U.S.C.
21  § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   October 26, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[2] The date petitioner signed the amended petition and, presumably, placed it in the prison mail system. ECF No. 35 at 29.