UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB FISHER, | Case No. 2:18-cv-02725-WBS-JDP (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATIONS** |
| v. | THAT THE THIRD AMENDED PETITION OF WRIT OF HABEAS CORPUS BE DENIED |
| KEN CLARK, | |
| Respondent. | ECF No. 35 |
| | OBJECTIONS DUE IN FOURTEEN DAYS |

Petitioner Jacob Fisher seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 35. He was convicted of first degree murder and asserts that the erroneous admission of incriminating text messages at his trial violated his due process rights. ECF No. 35 at 23-27. Respondent has filed an answer to the third amended petition. ECF No. 57. Petitioner has not filed a traverse. After reviewing the pleadings, I recommend that the third amended petition be denied.

**Background**

I have reviewed the background summary drafted by the state appellate court on direct appeal. It is correct, and I reproduce it here:

> On January 18, 2014, the victim was beaten and fatally shot in an apartment complex courtyard. During trial, the prosecution introduced evidence of numerous text messages. One series of texts from the victim to defendant indicated the victim had a quarrel with

1

defendant and codefendant before the murder. Another series of texts involved codefendant asking a friend for a ride (for himself and defendant) after the murder. Defense counsel moved to exclude the texts from the victim's phone but not the texts sent by codefendant.

*Text Messages from the Victim to Defendant*

In the days leading up to the January 18 murder, the victim sent several text messages to defendant, regarding a dispute over a gun:

> "When you gonna see mee bro i'm tired of chasin ur bitch ass and why u lie to people, u knew gun was there cuz i called u before you left apartments, fukin pun." (Sent Jan. 16, 2014 at 4:37 p.m.)

> "What ru hoping to accomplish by doin this? U stole from a friend cuz u were butthurt bout a name? Grow the fuck up little boy! Thought you were more gangst." (Sent Jan. 17, 2014 at 9:40 p.m.)

> "Little albino bear, this is brown bear, going to go tax this sticks guy, be nice to have u watchin my back/w/pistol, put this shit behind us! What d ya say I." (Sent Jan. 18, 2014 at 12:35 p.m.)

Defense counsel moved in limine to exclude the texts. He argued they were hearsay, lacking in foundation (asserting no evidence showed defendant received or responded to them), not relevant, and more prejudicial than probative. The prosecution responded the texts were offered for the nonhearsay purpose of showing the effect on defendant. The prosecution added there was sufficient evidence the phone belonged to defendant and that he had received the texts.[1]

The trial court denied the motion to exclude the texts. The court referenced other evidence of a dispute between the victim and the two codefendants and explained the texts were not offered for the truth of the matter asserted but as circumstantial evidence of motive and intent.

The court, however, limited the evidence to defendant. The jury was instructed: "[y]ou can only use this evidence as to [defendant] only, as it has relevance, if any, to the effect it had on defendant . . ., specifically his state of mind, attitude, intent and motive.[2] [¶] This evidence is limited to defendant . . . and not as to [codefendant]."

---

[1] [footnote two in original text] The prosecution did not specify the evidence. But at trial, the parties stipulated that, if called, defendant's mother would testify the phone number the texts were sent to belonged to defendant. And defendant's phone sent text messages before and after the victim's series of texts, including texting "[c]all me" to codefendant shortly after the victim's last text.

[2] [footnote three in original text] Nevertheless, in closing the prosecutor argued: "It is clear from these text messages . . . that [defendant] took a gun from [the victim] and wasn't giving it back." Prosecutors must refrain from arguing that out of court statements prove their

*Text Messages Between Codefendant and a Friend, After the Murder*

Shortly after the murder, codefendant and a friend—apparently by directing her passenger to text while she drove—exchanged texts:

>FRIEND: "On my way what's going on"

>CODEFENDANT: "Please hurry I need your assistance asap"

>FRIEND: "Do I need hand warmer"[3]

>FRIEND: "On my way"

>CODEFENDANT: "No just need a ride up out of here like yesterday"

>FRIEND: "K b there soon"

>CODEFENDANT: "It's me and my little brother"[4]

>FRIEND: "K"

>CODEFENDANT: "I need up out of here"

>FRIEND: "Its me and my girl."

>FRIEND: "5 mins. coming up on fair oaks"

>CODEFENDANT: "Just hurry please and just know the hood is hot"

>FRIEND: "K"

>FRIEND: "So . . . what's new"

>CODEFENDANT: "No it's hella hot"

>FRIEND: "Cuz u"

>FRIEND: "Cominh up now"

>CODEFENDANT: "We ya"

>FRIEND: "Just passed el camino"

>FRIEND: "I'm looking for u"

>CODEFENDANT: "I'm in apts right b4 marconi"

---

own content after explicitly denying that proving the truth of the statements' content is the statements' intended use and the prosecutor's intended plan.

[3] [footnote four in original text] A "hand warmer" is a gun.
[4] [footnote five in original text] Codefendant referred to defendant as his "brother."

3

> The friend picked defendant and codefendant up less than a mile from the murder. Defendant did not move to exclude that text exchange.
>
> The jury found defendant guilty of first degree murder and found he had used a firearm in committing the offense.

ECF No. 56-11 at 2-4.

## Discussion

### I. Legal Standards

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition. *See Harrington v. Richter*, 562 U.S. 86, 97 (2011). To decide a § 2254 petition, a federal court examines the decision of the last state court to have issued a reasoned opinion on petitioner's habeas claims. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018); *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) ("Because, here, neither the court of appeal nor the California Supreme Court issued a reasoned opinion on the merits of this claim, we look to the trial court's decision."); *McCormick v. Adams*, 621 F.3d 970, 975-76 (9th Cir. 2010) (reviewing the decision of the court of appeal, which was last reasoned decision of a state court); *Gill v. Ayers*, 342 F.3d 911, 917 n.5 (9th Cir. 2003) ("Because the California Supreme Court denied review of Gill's habeas petition without comment, we look through the unexplained California Supreme Court decision to the last reasoned decision . . . as the basis for the state court's judgment.") (internal quotations omitted).

Under AEDPA, a petitioner may obtain relief on federal habeas claims that have been "adjudicated on the merits in state court proceedings" only if the state court's adjudication resulted in a decision (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5] 28 U.S.C. § 2254(d).

---

[5] Under § 2254(d)(1), "clearly established Federal law" refers to the "the holdings, as

4

**II.     Analysis**

Petitioner asserts that the trial court erred in allowing the prosecution to introduce the victim's text messages to show motive and intent, arguing that the admission of this hearsay evidence deprived him of a fair trial.[6]  ECF No. 35 at 23-24.  The state court of appeal denied petitioner's claim in a reasoned decision:

> On appeal, defendant contends the trial court erred in admitting the text messages from the victim's phone.  He points out the prosecutor's brief argument to the jury that the texts showed defendant took a gun from the victim, thereby arguing the messages proved the truth of their contents.  He further argues the prosecution failed to provide the necessary foundation that defendant was aware of the messages' content, asserting there was no evidence he had received (and read) the texts.
>
> "'[A]n out-of-court statement can be admitted for the nonhearsay purpose of showing that it imparted certain information to the hearer, and that the hearer, believing such information to be true, acted in conformity with such belief.'"  (*People v. Clark* (2016) 63 Cal.4th 522, 562.)
>
> We review the admission of hearsay evidence under an abuse of discretion standard.  (*People v. Pirwani* (2004) 119 Cal.App.4th 770, 787.)  We apply the same standard to questions of the existence of elements necessary to satisfy a hearsay exception.  (*Ibid.*)  A court's ruling admitting hearsay evidence implies all necessarily fact finding prerequisites.  (Evid. Code, § 402; *People v. Martinez* (2000) 22 Cal.4th 106, 120.)
>
> Here, the trial court acted within its discretion in admitting the text messages from the victim to defendant for the nonhearsay purpose of showing their effect on defendant.
>
> The prosecutor's statement in closing that defendant had taken the victim's gun, although inappropriate and unwise, does not render admission of the evidence error.  The court properly instructed the jury that it may consider the messages only for defendant's state of mind, attitude, intent and motive.  We presume juries heed admonitions and limiting instructions.  (*Francis v. Franklin* (1985) 471 U.S. 307, 324, fn. 9 [85 L.Ed.2d 344, 359, fn. 9] [that a jury follows instructions is a "'crucial assumption'" of trial by jury].)  And a prosecutor's statements to the jury are, of course, not evidence.

---

opposed to the dicta" of the Supreme Court's decisions at the time of the relevant state court decision.  *Williams*, 529 U.S. at 412.

[6] Petitioner's evidentiary challenge concerning the text messages is the sole claim at issue in this matter.  His other grounds for relief were previously dismissed as time barred.  *See* ECF Nos. 35, 39, 43, & 47.

> Moreover, there is other evidence that defendant received the text messages. The record reflects the messages were sent to defendant's phone. The parties stipulated defendant's mother would testify the number belonged to him. The record further reflects that defendant's phone was in working order before and after the victim sent the series of texts. Defendant texted codefendant several days before the victim's first text. And two hours after the victim's last text, defendant texted "Call me" to codefendant. Any remaining doubt as to whether defendant had seen the messages would go to their weight, for the jury to consider.
>
> Accordingly, the trial court did not abuse its discretion in admitting the text messages for the limited purpose of showing their effect on defendant's state of mind.[7]

ECF No. 56-11 at 5-6. The California Supreme Court issued a summary denial. ECF No. 56-13.

Whether or not a state court misapplied California law when determining the admissibility of evidence is a state-law question that is not reviewable in a federal habeas proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Rather, a habeas court's function is to decide whether a conviction violated the Constitution or federal laws. *Id.* at 68.

Under the "strict standards" of AEDPA, petitioner's evidentiary challenge fails. *See Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). The Supreme Court has issued "very few rulings regarding the admission of evidence as a violation of due process," and "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant [habeas relief]." *Id.*; *see also Walden v. Shinn*, 990 F.3d 1183, 1204 (9th Cir. 2021) (noting *Holley*'s holding "remains true" that no clearly established federal law addresses the admission of unduly prejudicial evidence), *cert. denied*, 142 S. Ct. 791 (2022). Indeed, the Supreme Court has declined to decide whether the admission of irrelevant evidence in a criminal trial violates due process. *See Estelle*, 502 U.S. at 70. Given

---

[7] [footnote six in original text] Defendant also appears to challenge the admission of a text message from the victim, to a woman defendant was dating, who forwarded it to codefendant. The message read: "Hey if ur w [defendant] u need to talk some sense into him before he gets himself hurt over that pistol, u know whose it is? Jus make him bring to me, seriously!" It is less clear (albeit probable) defendant received that message. But any error in admitting it would be harmless as its content was substantially identical to the (properly admitted) texts sent to defendant.

the absence of controlling Supreme Court precedent, the state appellate court's denial of petitioner's claim cannot be contrary to, or an unreasonable application of, clearly established federal law.[8] See *Alvarado v. Hill*, 252 F.3d 1066, 1068-69 (9th Cir. 2001) ("The question [on habeas review] is whether [the alleged error] violates due process under 'clearly established' federal law, as already determined by the [Supreme] Court."); 28 U.S.C. § 2254(d).

Accordingly, it is RECOMMENDED that the third amended petition, ECF No. 35, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  January 4, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[8] The court notes that petitioner includes a new allegation in the amended pleading: the prosecutor erred during closing argument by relying on the victim's text messages for the truth of the statements, violating petitioner's right to confrontation. ECF No. 35 at 25.  To the extent petitioner is asserting a new ground for federal habeas relief, the court exercises its discretion not to consider this purported new claim because it appears to be both unexhausted and untimely.  *See* 28 U.S.C. §§ 2244(d)(1), 2254(b)(1)(A).